**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MITEL NETWORKS CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-269 (TJW) |
| | § | |
| SHORETEL, | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Shoretel's Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) (the "Motion") (#16).  After considering the filings of the parties and the applicable law, the court DENIES the Motion for the reasons expressed below.

**I.      Factual Background**

On June 27, 2007, Plaintiff Mitel Networks filed suit against Defendant Shoretel, Inc. alleging that the defendant infringed United States Patents Nos. 5,940834; 5,703,942; 5,541,983; and 5,657,446.  Mitel is a Canadian corporation with offices throughout Texas including the Eastern District of Texas ("Eastern District").  Shoretel is a Delaware corporation with its principal place of business in Sunnyvale, California.  Shoretel represents to the court that it has sales in the Eastern District.

**II.     Discussion**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether

to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case."  *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice."  *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted.  *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum.  *Hanby*, 144 F. Supp. 2d at 676.

A.     *Convenience Factors*

1.  The plaintiff' choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  The plaintiff chose

2

to bring this suit in the Eastern District of Texas, Marshall Division.  Therefore, this factor weighs against transfer.

## 2. The convenience of parties and material witnesses

The court will first assess the convenience of the parties.  The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  In this case, the plaintiff is based in Canada, but has offices in the Eastern District.  The defendant is located in Sunnyvale, California.  The Northern District of California (the "Northern District") is no more convenient to the plaintiff than the Eastern District, but is more convenient to the defendant.  This portion of the analysis favors transfer.

The court now considers the convenience of the witnesses.  Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer.  *Mohamed,* 90 F. Supp. 2d at 774.  Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  The moving party must "specifically identify key witnesses and outline the substance of their testimony."  *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).  Defense party witnesses are likely to be located in or around the Northern District.  There are several likely non-party witnesses for the defendant for whom the Northern District is more convenient.  Although the defendant fails to outline the substance of the key non-party witnesses' testimony, the court finds that this factor favors transfer.

## 3. The place of the alleged wrong

The plaintiff and the defendant agree that the defendant markets and sells the accused

products in Texas and in the Eastern District.  The court finds that this factor weighs against transfer.

### 4.  The cost of obtaining the attendance of witnesses and

### the availability of compulsory process

The defendant identified non-party witnesses that it expects to call at trial.  However, it did not outline their testimony, nor explain why those particular witnesses will offer testimony that a party witness(es) could not offer.  Additionally, this is a patent case and will likely  mirror the vast majority of patent cases in that expert testimony will be important to the parties' arguments, claims, and defenses.  The availability of compulsory process is not an issue for expert witnesses.  The court finds that this factor slightly favors transfer.

### 5. The accessibility and location of sources of proof

The court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778. Much of the defendant's evidence is likely located in the Northern District.  But the parties are obligated to produce to the other relevant information pursuant to the court's initial disclosure requirements.  The plaintiff is principally located in Canada, but has locations in the Eastern District as well.  The court finds that this factor slightly favors transfer.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence."  *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  The court is unaware of any possibility of delay or prejudice if the case is transferred.  This factor is neutral.

4

B.    *Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

The court is not aware of any administrative difficulties flowing from the Northern District, but not the Eastern District.  Therefore, this factor is neutral.

### 2.  The local interest in adjudicating local disputes

The products at issue are sold in the Eastern District.  The citizens of the Eastern District have an interest in adjudicating issues of patent infringement with respect to products sold in the Eastern District.   This factor weighs against transfer.

### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

The products at issue are sold in the Eastern District.  The Eastern District is not an unrelated forum for this case.  This factor weighs against transfer.

### 4. The avoidance of unnecessary problems in conflict of laws

The court finds that this factor is inapplicable in this transfer analysis.

## III.    Conclusion

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Northern District of California is not warranted. The incident(s) giving rise to this cause of action occurred within in the Eastern District.  The court finds that the competing factors do not justify a transfer.  The court DENIES Defendant's Motion to Transfer Venue.

SIGNED this 31st day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE